UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| DERICK DAMRELL, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:23-cv-00299-GFVT |
| ) | |
| v. ) | |
| ) | |
| MADISON COUNTY ) | **MEMORANDUM OPINION** |
| DETENTION CENTER, *et al.*, ) | **&** |
| ) | **ORDER** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Derick Damrell is an inmate at the Three Forks Regional Jail in Beattyville, Kentucky. Proceeding without an attorney, Damrell filed a civil rights complaint. [R. 1.] That complaint is now before the Court on initial screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

As an initial matter, Damrell's complaint violates relevant joinder rules. As best as the Court can tell, Damrell's pleading improperly joins three unrelated matters against different defendants. [R. 1.] First, Damrell sues the "Madison County Detention Center" and its "officers" and "jail administrator," and he alleges that certain, unnamed "officers at Madison County Detention Center . . . used exstreme [sic] force after arrival at Madison County Detention Center and then retalleated [sic] by shipping Plaintiff to Three Forks Regional Jail to cover up there [sic] default which is cruel and usual [sic] punishment." *Id.* at 1, 2, 5-6. Second, Damrell sues the "Richmond Police Department" and its "officers," and he asserts claims related to excessive force and a subsequent search, seizure, and arrest. *Id.* at 1, 2, 5. Third, Damrell sues the "Three Forks Regional Jail" and its "medical staff," and he alleges that he was "refused medical treatment" and "mased [sic] and thrown in the hole" after "praying with another inmate." *Id.* at 1, 2, 6. Thus, Damrell appears to be trying to pursue at least three different matters—involving different parties, different alleged facts at different locations, and different

legal claims—all in one case. That is simply not proper. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (explaining that a plaintiff may assert multiple claims against a single party, "but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits.").

In this situation, the Federal Rules of Civil Procedure indicate that misjoinder of parties is not a basis for dismissing an entire action, and, instead, the Court may drop parties or sever claims. Fed. R. Civ. P. 21. Consistent with that Rule, the Court will proceed in this action by screening Damrell's claims against the defendants he lists first—i.e., the "Madison County Detention Center" and its "officers" and "jail administrator." [R. 1 at 1, 2.] The Court will then drop the remaining parties from this action, though it will do so without prejudice to Damrell's right to file new, separate civil actions regarding his distinct claims against those defendants.

The Court turns then to Damrell's claims against the defendants he lists first—i.e., the "Madison County Detention Center" and its "officers" and "jail administrator." [R. 1 at 1, 2.] Again, Damrell says that certain, unnamed "officers at Madison County Detention Center . . . used exstreme [sic] force after arrival at Madison County Detention Center and then retalleated [sic] by shipping Plaintiff to Three Forks Regional Jail to cover up there [sic] default which is cruel and usual [sic] punishment." [*Id.* at 5-6.] These allegations, however, largely amount to legal conclusions and fail to state a claim upon which relief may be granted. Indeed, Damrell has not explained, in any clear and specific way, how employees at the Madison County Detention Center used force against him or what they otherwise did or failed to do to cause him harm. And to the extent that Damrell also claims he was retaliated against, he does not allege enough facts to state such a claim. *See King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012) (explaining that, in order to state a retaliation claim, a plaintiff must allege that he engaged in protected conduct, the defendant took action against him sufficiently adverse to deter a person of

ordinary firmness from continuing to engage in that conduct, and the defendant's adverse action was motivated at least in part by the plaintiff's protected conduct). In short, Damrell's pleading, at least as presently drafted, fails to state viable legal claims against the defendants he lists first—i.e., the "Madison County Detention Center" and its "officers" and "jail administrator." Therefore, the Court will dismiss those claims without prejudice.

Having dismissed Damrell's claims against the "Madison County Detention Center" and its "officers" and "jail administrator" on initial screening, the Court will proceed by dropping the remaining parties and dismissing Damrell's claims against those defendants without prejudice as well. This means that Damrell may still pursue these claims, but he must do so by filing new, separate civil actions regarding the distinct matters in question. The Court will send Damrell the proper forms needed to file a new civil action, should he choose to do so, and additional copies of these forms are available upon request from the Clerk's Office.

Accordingly, it is **ORDERED** as follows:

1. Damrell's excessive force and retaliation claims against the "Madison County Detention Center" and its "officers" and "jail administrator" **[R. 1]** are **DISMISSED** without prejudice on initial screening for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii).

2. Damrell's claims against the remaining defendants are also **DISMISSED** without prejudice to his right to assert those claims in new, separate civil actions.

3. All pending motions are **DENIED** as moot, and this specific civil action is **STRICKEN** from the Court's docket.

4. The Clerk's Office is directed to send Damrell:

    a. a blank E.D. Ky. 520 Civil Rights Complaint Form;

    b. a blank AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs; and

    c. a blank E.D. Ky. 523 Certificate of Inmate Account Form.

5. If Damrell wishes to file one or more new civil actions regarding his claims (all of which have now been dismissed *without* prejudice), he may do so by utilizing the Court's approved forms. Additional copies of these forms are available upon request from the Clerk's Office.

This the 13th day of December, 2023.

Gregory F. Van Tatenhove
United States District Judge